UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELLIE LEGENDRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3674** |
| **HARRAH'S NEW ORLEANS MANAGEMENT CO., ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 30) and Plaintiff's Motion for Partial Summary Judgment (Doc. 31). On October 3, 2024, Defendants' Motion for Summary Judgment was **GRANTED** and Plaintiff's Motion for Partial Summary Judgment was **DENIED**. These reasons follow.

### BACKGROUND

This case arises out of alleged injuries Plaintiff Nellie Legendre sustained on May 21, 2023 when she and a Harrah's Casino New Orleans Management Company ("Harrah's") employee walked into each other. Plaintiff is a regular patron of the casino operated by Defendants, and after betting alongside her sister and winning some money at a slot machine, Plaintiff got up from her seat to cash out her ticket. While walking back to her seat, the employee and Plaintiff collided. The impact from the collision caused

Plaintiff to fall on the ground. Plaintiff alleges that she suffered a fractured right hip, a laceration to her scalp, and soft tissue injuries due to the fall. Plaintiff filed the instant suit against Defendants alleging that the employee's negligence caused her injuries and that the Defendants are vicariously liable for Plaintiff's injuries under the doctrine of *respondeat superior*.

Plaintiff filed suit in Civil District Court for the Parish of Orleans on June 26, 2023. Defendants removed the case to this Court on August 18, 2023. Now before the Court are Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. Both motions are opposed.[1]

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[3] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts

---

[1] Docs. 35, 41.
[2] FED. R. CIV. P. 56.
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] *Id.* at 248.
[5] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[8] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

## LAW AND ANALYSIS

### 1. Defendant's Motion for Summary Judgment (Doc. 30)

Defendants argue that they are entitled to summary judgment because the employee involved in the incident that precipitated Plaintiff's injuries did not breach the duty owed under the circumstances, and Defendants did not breach a duty in their hiring, training or supervision of the employee. Plaintiff opposes, arguing that material issues of fact remain for trial as to breach. This diversity action is governed by Louisiana tort law.[11]

---

[6] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[8] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[11] Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996).

3

"Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under La. Civ. Code art. 2315."[12] Under this analysis,

> a plaintiff must prove five separate elements: "(1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injurie; and (5) actual damages.[13]

"A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability."[14] The Court therefore considers whether material issues of fact remain as to duty and breach.

"Whether a duty is owed is a question of law; whether defendant has breached a duty owed is a question of fact."[15] Plaintiff, relying exclusively on the employee's deposition and accompanying description of his role, seems to argue that the employee as a customer safety officer had a heightened duty to ensure the safety of the casino's guests. Defendants assert that the employee did not have some heightened duty of care rather that his duty was to act as reasonable person under the circumstances.

 "Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties. In all cases, duty can be stated generally as the obligation to conform to the standard

---

[12] Prisonneault v. Merchants & Farmers Bank & Trust Co., 816 So. 2d 270, 275–76 (La. 2002).
[13] *Id.* (citing Roberts v. Benoit, 605 So. 2d 1032 (La. 1991); Fowler v. Roberts, 556 So. 2d 1, 4 (La. 1989); Mundy v. Dep't of Health & Human Res., 620 So. 2d 811 (La. 1993); Thomas C. Galligan, Jr., *A Primer on the Patterns of Negligence*, 53 LA. L. REV. 1509, 1510 (1993)).
[14] Pottinger v. Price, 289 So. 3d 1047, 1055 (La. App. 1st Cir. 2019) (citing Lemann v. Essen Lane Daiquiris, Inc., 923 So. 2d 627, 632–33 (La. 2006)).
[15] Brewer v. J.B. Hunt Transp., Inc., 35 So. 3d 230, 241 (La. 2010) (citing *Mundy*, 620 So. 2d at 813).

4

of conduct of a reasonable man under the circumstances."[16] Here, the Court sees no reason that the employee should be held to any higher duty than to act reasonably under the circumstances, and no case law suggests otherwise.[17]

Having determined that the Defendant had a duty to act reasonably under the circumstances, the Court turns to the element of breach. Here, the pertinent question is: "If the defendant owed such a duty, did his conduct fall short of the standard and come within the scope set by law?"[18] Defendants argue that the employee did not breach his duty to act reasonably under the circumstances by glancing around the lobby while walking. Plaintiff argues that the employee's statements in his incident report and deposition evidence his breach.[19]

To support their motion, Defendants provided the Court with surveillance video that shows the moments before, during, and after the collision occurred.[20] In the relevant part of the surveillance video, the employee is seen walking into the frame from what he later identified as the bravo portion of the casino floor. Importantly, the employee's job as a customer safety officer required him to "observe everything" and "check for any suspicious activity," among other things.[21] The surveillance video shows that the employee was acting in a way that comported with his role as a customer safety officer prior to the incident: he was walking through the casino, observing the

---

[16] Thielmier v. Louisiana Riverboat Gaming P'ship, 732 So. 2d 620, 623 (La. App. 2 Cir. 1999) (citing Seals v. Morris, 410 So.2d 715 (La.1981).
[17] *See id.* (finding that an employee's duty of care was not heightened just by virtue of the fact that he may have had greater knowledge of or more experience operating in his workplace than the injured patron).
[18] Pitre v. Opelousas Gen. Hosp., 530 So. 2d 1151, 1155 (La. 1988).
[19] Doc. 31-1 at 4-5.
[20] Plaintiff also supplied the Court with surveillance video footage of the incident, but only referred to it directly as it relates to breach in their Opposition to Defendants' motion, not their own Motion for Summary Judgment. Doc. 35 at 3-4.
[21] Doc. 30-4 at 25:21-24. Deposition of the employee involved in incident.

customers and casino floor generally as he did so. While on the floor, the employee stops walking to look down at his phone in his pocket before proceeding to pass under an archway into the alpha section of the casino. The slot machine Plaintiff was using prior to getting up to cash her ticket was in the alpha section. The video shows the employee continuously surveying the casino floor by looking from left to right as he walked slowly. From the right side of the screen, between a large column and several cash-handling machines, Plaintiff appears and is seen walking towards her seat, in the direction of the employee. The employee and Plaintiff collide, and Plaintiff stumbles before falling to the ground.

The Court believes that the Louisiana Third Circuit Court of Appeal's articulation of a casino employee's standard of duty in *Manecke v. Golden Nugget Lake Charles* is helpful and finds that the employee in the instant case had a "duty to . . . refrain from running, walking fast, or walking in a distracted manner."[22] In *Manecke*, however, when analyzing the element of breach, the court concluded that "reasonable minds could differ on whether [the employee] acted in a negligent manner."[23] There, surveillance video footage showed the series of events that occurred before a casino employee "forcefully knocked" the plaintiffs to the floor.[24] According to the court, the employee in that case was walking at a "hurried pace" before "apparently speaking to another individual" and "unbuttoning her jacket" as she approached a restroom doorway.[25] The employee proceeded to trip and "move in large, uncontrolled steps with her shoulders lowered toward the plaintiffs," culminating in her "significant and brutal" collision with them.[26]

---

[22] So. 3d 39, 43 (La. App. 3 Cir. 2023), reh'g denied (Apr. 12, 2023).
[23] *Id.* at 44.
[24] *Id.* at 40.
[25] *Id.* at 42.
[26] *Id.*

6

The video surveillance footage before the Court in the instant case reveals an entirely distinguishable, though equally unfortunate, series of events. First, the employee here was not walking at a hurried or unreasonable pace as he approached the area where Plaintiff was walking. Second, he was not engaging in any activity that distracted him from the performance of his duties as a customer safety officer.[27] Third, the employee was entering a much wider space than a bathroom doorway like the one in *Manecke*, which means there was no need for him to anticipate that "at any moment [the walkway] would become temporarily congested so as to require [him] to change his route or to slow his movement to the point of stopping altogether in order to take precaution against unexpected collisions with . . . customers."[28] As such, here, the Court does not see any breach of the employee's duty to act reasonably and does not believe reasonable minds could differ.

While "[o]rdinarily, [because] the determination of whether negligence exists in a particular case is a question of fact . . . cases involving a question of negligence ordinarily are not appropriate for summary judgment,"[29] this Court does not believe that the evidence presented by the parties could allow a factfinder to decide against Defendants. "Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact as would defeat the motion."[30] Plaintiff's reliance on the employee's characterizations of the event to prove breach fail

---

[27] Again, the Court notes that the employee came to a full and complete stop when he checked the cell phone in his pocket seconds before moving through the narrow archway separating the alpha and bravo sections of the casino, showing "heightened precaution" on his part. *See Manecke*, 371 So. 3d 39, 43.
[28] *Manecke* at 43.
[29] *Id.* (quoting Freeman v. Teague, 862 So.2d 371, 373 (La. App. 2 Cir. 2003)).
[30] Wilson v. Reed, 354 So. 3d 42, 45 (La. App. 1 Cir. 2022).

to overcome the reality of the incident as faithfully depicted in the surveillance video footage before the Court which shows that the employee was simply doing his job prior to the incident. Further, it would be unreasonable for this Court to find that an employee whose job it is to survey his surrounding area for suspicious activity breached a reasonable duty of care by doing just that. As such, the Court finds that no reasonable jury could rule against the movant based on the facts before it. Accordingly, Defendants' motion for summary judgment is granted.

### 2. Plaintiff's Motion for Partial Summary Judgment (Doc. 31)

Plaintiff moves for partial summary judgment in her favor because the employee was acting within the scope of his employment when his negligence led to her injuries, making Defendants vicariously liable under a theory of *respondeat superior*. Plaintiff also asserts that Defendants negligently hired, trained, and supervised the employee because of his vision issues. Defendants oppose, responding that the employee did not breach his duty to act reasonably under the circumstances and that Plaintiff put forth no evidence to support Plaintiff's claims of negligent hiring, supervision, and training.

*a. Vicarious Liability*

"In Louisiana, as elsewhere, an employer is liable for a tort committed by his employee if, at the time, the servant is acting within the scope of his employment—acting, in the exercise of the functions in which ... employed. An employer is answerable for its employee's negligent acts when the conduct is so closely connected in time, place, and causation to the employment duties of

8

the employee that it constitutes a risk of harm attributable to the employer's business."[31]

Here, there is no disputed material issue of fact that the incident occurred at a property owned and operated by the Defendants and that the employee involved was acting within the course and scope of his employment when it did. However, because, for reasons stated above, the Court does not believe a reasonable juror could find that the employee acted negligently, the Court must deny Plaintiff's motion for partial summary judgment as to Defendants' liability.

*b. Negligent Hiring, Supervision, and Training*

Finally, Plaintiff argues that Defendants knew or should have known about a physical impairment of the employee and the potential damage that his disability could cause. To support their assertion regarding negligent hiring specifically, Plaintiff provided the employee's Louisiana state driver's license and refer to the employee's deposition. The former shows only that the employee is required to wear corrective lenses when he operates a vehicle.[32] The latter reveals that the employee suffered from a traumatic injury to his right eye as a child and underwent surgery to recover what sight he could.[33]

"[A]n employer can *only* be liable under theories of negligent hiring, supervision, training and retention, and negligent entrustment *if* the employee is at fault, and that the employer cannot be liable if the employee is not at fault."[34] For the reasons stated above regarding the employee's lack of

---

[31] Johnson v. Transit Mgmt. of Se. Louisiana, Inc., 239 So. 3d 973, 979-83 (La. App. 4 Cir. 2018) (internal quotations and citations omitted).
[32] Doc. 31-2 at 39.
[33] Doc. 30-4 at 12:2-8.
[34] Martin v. Thomas, 2021-01490 (La. 6/29/22), 346 So. 3d 238, 247 (quoting Libersat v. J & K Trucking, Inc., 772 So. 2d 173, 175 (La. App. 3 Cir. 2000), writ denied, 789 So. 2d 598 (La. 2001)).

negligent conduct, and because Plaintiff failed to present this Court with any evidence that would support a finding that Defendants negligently hired, trained, or supervised the employee involved in the incident at issue, granting partial summary judgment in the Plaintiff's favor would not be proper.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment was **GRANTED**, and Plaintiff's Motion for Partial Summary Judgment was **DENIED**. Plaintiff's claims were **DISMISSED with prejudice**.

New Orleans, Louisiana this 7th day of November, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**