## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELLIE LEGENDRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3674** |
| **HARRAH'S CASINO NEW ORLEANS** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Jazz Casino Company, LLC's Motion for Post-trial Adjustment of Charged Medical Expenses Pursuant to Louisiana Revised Statutes § 9:2800.27 (Doc. 101). For the following reasons, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

Plaintiff Nellie Legendre filed this action against Defendant Jazz Casino Company, LLC to recover for injuries she sustained when she collided with one of Defendant's employees, Eddie Giles, at Harrah's Casino and fell to the ground.[1] Plaintiff sustained injuries as a result of the incident, including a fractured right hip, which required surgery, and a laceration to her head. Plaintiff used her Medicare benefits to cover the costs of her treatment.

Before trial, Defendant filed a Motion in Limine wherein it sought to prevent Plaintiff from introducing evidence of charged medical expenses that

---

[1] Plaintiff originally brought this action against Harrah's New Orleans Management Company d/b/a Harrah's New Orleans and Harrah's Casino New Orleans, LLC, but the parties later stipulated that Defendant Jazz Casino Company, LLC was the sole proper defendant in this matter. Doc. 69.

were not paid by Medicare and were "gratuitously written-off" by her medical providers.[2] The Court denied the Motion in Limine, ruling that applicable state law prevented the jury from viewing evidence of the amounts Plaintiff actually paid for her care and that "the jury shall be informed only of the amount billed by a medical provider for medical treatment."[3]

This matter was tried before a jury beginning on March 9, 2026. In accordance with Louisiana Revised Statutes § 9:2800.27(F) (2022), the jury was only shown evidence of the amount Plaintiff's medical providers billed for her treatment.[4] The jury found that both Giles and Plaintiff were negligent, allocating 95% of fault for Plaintiff's injuries to Giles, for which Defendant is vicariously liable, and 5% to Plaintiff.[5] The jury awarded Plaintiff $129,695.21 in compensatory damages for her charged medical expenses.[6]

## LAW AND ANALYSIS

Defendant now moves to reduce Plaintiff's $129,695.21 jury award for past medical expenses to $447.18 pursuant to § 9:2800.27(B). Plaintiff agrees that her jury award must be reduced but asserts that her award for past medical expenses should only be reduced to $53,827.61. In its Motion, Defendant claims that Plaintiff's medical bills reflect "gratuitous write-offs" by Ochsner Health ("Ochsner"), one of Plaintiff's medical providers, and thus the

---

[2] Docs. 45 and 68.

[3] Doc. 77 at 3–4 (quoting LA. REV. STAT. § 9:2800.27(F) (2022)). Louisiana has since amended § 9:2800.27 to permit the trier of fact to receive evidence of the "amounts billed and amounts actually paid for medical expenses that have been incurred by the claimant." *Id.* at § 9:2800.27(E) (2026).

[4] *See generally* Trial Ex. P-5. The Court notes that Plaintiff did not introduce evidence of the full amount billed for her Walgreens prescriptions at trial but rather chose to introduce evidence of the amount Plaintiff actually paid.

[5] Doc. 96.

[6] The jury also awarded Plaintiff $100,000.00 for pain and suffering and $50,000.00 for disability, mental anguish, and loss of enjoyment of life.

reduction of Plaintiff's award for past medical expenses pursuant to § 9:2800.27(B) should be further reduced because these "gratuitous write-offs" make Plaintiff's award unreasonable.[7] Defendant also argues that Plaintiff's award is unreasonable because "Medicare was never billed by Ochsner."[8] Plaintiff counters that Defendant misapplies the statute and that it has not presented any evidence that supports a finding that her award for medical expenses is unreasonable. The Court will first apply § 9:2800.27(B) to calculate Plaintiff's recoverable past medical expenses before addressing Defendant's argument that Plaintiff's award should be reduced as unreasonable.

Plaintiff's award for past medical expenses is governed by Louisiana Revised Statutes § 9:2800.27(B), which states in pertinent part:

> In cases where a claimant's medical expenses have been paid, in whole or in part, by a health insurance issuer or Medicare to a contracted medical provider, the claimant's recovery of medical expenses is limited to the amount actually paid to the contracted medical provider by the health insurance issuer or Medicare, and any applicable cost sharing amounts paid or owed by the claimant, and not the amount billed. The court shall award to the claimant forty percent of the difference between the amount billed and the amount actually paid to the contracted medical provider by a health insurance issuer or Medicare in consideration of the claimant's cost of procurement, provided that this amount shall be reduced if the defendant proves that the recovery of the cost of procurement would make the award unreasonable.[9]

As a preliminary matter, Defendant's contention that Ochsner never directly billed Medicare for Plaintiff's medical treatment—and therefore Plaintiff cannot recover the cost of procurement—is unfounded where §

---

[7] Doc. 101 at 2.

[8] *Id.* at 3.

[9] LA. REV. STAT. § 9:2800.27(B) (2022).

9:2800.27(B) does not require direct billing to Medicare.[10] Additionally, the Court notes that the parties have submitted evidence of several medical treatments that were not considered by the jury in crafting its verdict. Because the jury did not have the opportunity to consider whether Plaintiff should recover for her May 31, 2024 x-ray at Ochsner,[11] services provided by Eagan Healthcare of Plaquemines,[12] or treatments provided by Kenner Emergency Group,[13] the Court cannot consider evidence regarding those medical costs here. After excluding this evidence, the Court finds that Plaintiff personally paid $129.39 for her medical expenses[14] and Medicare paid $523.03.[15] Having made these findings, the Court further finds that Plaintiff's cost of procurement, which is "forty percent of the difference between the amount billed and the amount actually paid to the contracted medical provider by . . . Medicare," is $51,665.27.[16]

Turning to whether Plaintiff's award for the cost of procurement is reasonable, the Court finds that it is. Defendant's characterization of the Ochsner write-offs as "gratuitous" is unsupported by the record. The Ochsner billing records clearly label the write-offs as "Contractual Write-Offs" under subheadings entitled "Insurance Payments and Adjustments."[17] Section

---

[10] Although § 9:2800.27(B) does not expressly define "amount billed," subsection (F) supports this interpretation. *See Id.* at (F) ("The jury shall be informed only of the amount billed by a medical provider for medical treatment.").

[11] Doc. 101-1 at 36 (documenting a $28.00 charge for an x-ray of Plaintiff's hip/pelvis during a visit with Todd Layman on May 31, 2024).

[12] Doc. 101-2 at 1 (documenting a $1,250.00 charge on June 4, 2023).

[13] *Id.* at 1–2 (documenting charges for a Meloxicam Oral Tablet and a Methocarbamol).

[14] Doc. 101-1 at 32; Trial Ex. P-5 at 31 (detailing Plaintiff's payments to Walgreens for several prescriptions).

[15] Doc. 101-2 at 1. Together, Plaintiff and Medicare paid $661.42 to her medical providers.

[16] LA. REV. STAT. § 9:2800.27(B) (2022). The difference between the amount billed—$129,695.21—and the amount actually paid by Medicare—$523.03—is $129,163.18. Forty percent of the difference is $51,665.27.

[17] Doc 101-1 *passim*. The Ochsner billing records also reflect that Plaintiff maintained insurance coverage through "Humana Managed Medicare – Humana Medicare HMO." *Id.*

9:2800.27(B) contemplates contractual adjustments, like Ochsner's here, by allowing claimants to recover the cost of procurement—"forty percent of the difference between the amount billed and the amount actually paid to the contracted medical provider by a health insurance issuer or Medicare"—rather than the full amount billed.[18] Having determined that the Ochsner write-offs were contractual and considering that Defendant cites no authority where a Court has reduced a claimant's award for the cost of procurement based on written-off amounts—gratuitous or otherwise—the Court sees no reason to find that the cost of procurement is unreasonable here. While a large portion of Plaintiff's medical expenses were written off in this case, Defendant benefits from those write-offs in that it will not be held liable for the full amount billed, as it would if Plaintiff was not covered by Medicare or private health insurance.[19] Accordingly, the Court finds that Plaintiff's cost of procurement is reasonable under the circumstances. Plaintiff is entitled to recover for past medical expenses in the amount of $52,326.69.[20]

## <u>CONCLUSION</u>

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion (Doc. 101) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's jury award for medical expenses shall be reduced from $129,695.21 to $52,326.69 pursuant to Louisiana Revised Statutes § 9:2800.27(B).

---

[18] LA. REV. STAT. § 9:2800.27(B) (2022).

[19] *See id.* at (D) ("The recovery of past medical expenses other than those provided by Subsection B or C of this Section shall be limited to amounts paid to a medical provider by or on behalf of the claimant, and amounts remaining owed to a medical provider, including medical expenses secured by a contractual or statutory privilege, lien, or guarantee.").

[20] This amount encompasses the sum of amounts paid by Plaintiff and Medicare, $661.42, plus the calculated cost of procurement, $51,665.27.

New Orleans, Louisiana this 12th day of August, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**