**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NELLIE LEGENDRE**                                          **CIVIL ACTION**


**VERSUS**                                                        **NO. 23-3674**

**HARRAH'S NEW ORLEANS**
**MANAGEMENT CO. ET AL.**                        **SECTION: "H"**


## ORDER AND REASONS

Before the Court is Defendant Jazz Casino Company, LLC's Motion for Judgment as a Matter or Law and/or Alternative Motion for New Trial (Doc. 102). For the following reasons, Defendant's Motion is **DENIED**.


## BACKGROUND

In this action, Plaintiff Nellie Legendre ("Legendre") alleged that she sustained injuries when she and Eddie Giles, Jr. ("Giles"), an employee of Defendant Jazz Casino Company, LLC ("JCC"), collided while walking at Harrah's Casino in New Orleans, Louisiana.[1] The incident was captured on surveillance video. The video showed that, at the time of impact, Giles had been looking to his left while walking and that Legendre was approaching from Giles's right. Giles then collided with Legendre's left side, and she fell to the ground.

---

[1] Upon the parties' stipulation, JCC was substituted for Defendant Harrah's Casino New Orleans Management Company d/b/a Harrah's New Orleans and Harrah's Casino New Orleans, LLC. Docs. 69 and 75.

JCC moved for summary judgment, arguing in part that Giles did not breach his duty to exercise reasonable care under the circumstances. After reviewing the surveillance video and submitted deposition testimony, this Court granted summary judgment in favor of JCC, finding that Defendant had not breached his duty to exercise reasonable care.[2] Legendre appealed, arguing that this Court should have applied a heightened duty of care to Giles's conduct and that it erred in finding that Giles did not breach. The Fifth Circuit Court of Appeals reversed this Court's decision in part and remanded this matter for further proceedings, holding that Giles merely owed "a duty to act reasonably under the circumstances" and stating that "from Giles's testimony and the footage, a reasonable jury could find him negligent."[3]

Upon remand, this matter was tried before a jury beginning on March 9, 2026. The parties stipulated that Giles was an employee of JCC acting in the course and scope of his employment at the time of the collision and that JCC would therefore be liable for Giles's conduct.[4] At trial, Legendre introduced the surveillance video depicting the incident, and the jury heard testimony from Legendre, her sister, her niece, her medical providers, and Giles during Legendre's case in chief. After Legendre rested her case, JCC made an oral motion for judgment as a matter of law on the issues of whether Legendre was entitled to future medical expenses; whether Legendre presented sufficient evidence regarding her negligent hiring, training, and supervision claims; and whether Giles had breached his duty to exercise reasonable care. The Court

---

[2] Doc. 53.

[3] Legendre v. Harrah's Casino New Orleans, No. 24-30689, 2025 WL 3035752, at *2 (5th Cir. Oct. 30, 2025).

[4] Doc. 70 at 6.

deferred ruling on these issues.[5] After the three-day trial, the jury began to deliberate. During the deliberations, the jury submitted questions to the Court regarding the applicable standard of care regarding Legendre's conduct and whether legal fees should be considered in its award for compensatory damages. The Court answered those questions by referring the jury to the Court's original instructions. Shortly thereafter, the jury returned a verdict, finding that Legendre and Giles were both liable for negligence, and awarding Legendre compensatory damages.[6] The jury allocated fault to Legendre and Giles at five percent and ninety-five percent respectively.

JCC now challenges the jury's verdict. After Legendre filed her opposition, JCC sought leave to supplement its briefing in order to address the Louisiana Supreme Court's May 1, 2026 decision in *Thomas v. BNSF Railway Company*.[7] The Court granted that request and provided Legendre with an opportunity to file supplemental briefing in turn.[8]

## LEGAL STANDARD

### I.    Judgment as a Matter of Law

Pursuant to Federal Rule of Civil Procedure 50, a motion for judgment as a matter of law should only be granted "if the facts and inferences point so strongly in favor of one party that reasonable minds could not disagree."[9] In deciding a Rule 50 motion, the court should "'consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and

---

[5] Doc. 93. Legendre later stipulated that she had not presented sufficient evidence to succeed on her negligent hiring, training, and supervision claims or to recover for alleged future medical expenses.

[6] Doc. 96.

[7] Doc. 106; *see* 432 So. 3d. 727 (La. 2026).

[8] Docs. 107 and 108.

[9] Gomez v. St. Jude Med. Diag Div. Inc., 442 F.3d 919, 927 (5th Cir. 2006).

with all reasonable inferences most favorable to the party opposed to the motion.'"[10] The court "cannot assess the credibility of witnesses or weigh the evidence."[11]

## II.   New Trial

Federal Rule of Civil Procedure 59 provides that on a motion filed by a party the court may "[g]rant a new trial on all or some of the issues—and to any party—as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[12] Rule 59(a) does not list out specific grounds for a new trial.[13] On the other hand, the Fifth Circuit has clarified that a new trial may be warranted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[14] "A new trial will not be granted based on trial error unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand."[15]

## LAW AND ANALYSIS

## I.   Judgment as a Matter of Law

In the instant Motion, JCC renews its request for judgment as a matter of law regarding whether Giles breached his duty of reasonable care. JCC also argues that the jury's allocation of fault implies that it applied differing standards of care to Legendre's and Giles's conduct and that the jury

---

[10] *Id.* (quoting Info. Commc'n Corp. v. Unisys Corp., 181 F.3d 629, 633 (5th Cir. 1999)).

[11] *Id.*

[12] FED. R. CIV. P. 59(a)(1)(A).

[13] *See id.*

[14] Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985).

[15] Learmonth v. Sears, Roebuck and Co., 631 F.3d 724, 730 (5th Cir. 2011) (citation modified) (quoting Foradori v. Harris, 523 F.3d 477, 506–07 (5th Cir. 2008)).

improperly applied the elements of comparative fault. Legendre opposes. The Court addresses JCC's arguments in turn.

### A. Breach

JCC first argues that the evidence presented at trial "demonstrates that this was not negligence, but an accident between two people, each of whom had an equal opportunity to see the other" and that "Louisiana law does not impose negligence just because two people bumped into one another."[16] Legendre responds that JCC's dissatisfaction with the jury's verdict does not entitle it to judgment as a matter of law. This Court agrees.

"The jury system is premised on the idea that rationality and careful regard for the court's instructions will confine and exclude jurors' raw emotions. Jurors routinely serve as impartial factfinders in cases that involve sensitive, even life-and-death matters. In those cases, as in all cases, juries are presumed to follow the court's instructions."[17] In this case, the jurors were told of their duty to follow the law as provided by the Court, "regardless of any opinion that [they] might have as to what the law ought to be."[18] Regarding Giles's duty of care, the Court informed the jury that:

> In this case, the basic standard is that the defendant must exercise the degree of care that we might reasonably expect from an ordinarily prudent person under the same or similar circumstances. The standard of care is not that of an extraordinarily cautious individual or an exceptionally skilled person, but that of a person of ordinary prudence.[19]

---

[16] Doc. 102-1 at 3.

[17] CSX Transp., Inc. v. Hensley, 556 U.S. 838, 841 (2009) (citing Greer v. Miller, 483 U.S. 756, 766 n.8 (1987)).

[18] See id. ("[T]he trial court in this case correctly instructed the jury as to its legal duty to 'follow all instructions.'").

[19] 18 La. Civ. L. Treatise, Civil Jury Instructions § 3:4 (3d ed.). This instruction is consistent with the Fifth Circuit's holding on appeal. Legendre, 2025 WL 3035752, at *2 (holding that this Court "did not err when it declined to impose a heightened duty" beyond the general "duty to act reasonably under the circumstances").

As to breach, the Court instructed the jury that:

> An ordinarily prudent person will avoid creating an unreasonable risk of harm. In deciding whether the defendant violated this standard of conduct, you may weigh the likelihood that someone might have been injured by his conduct and the seriousness of that injury if it should occur against the importance to the community of what the defendant was doing and the advisability of the way he was doing it under the circumstances.[20]

At JCC's request, the Court also cautioned the jury that "[t]he mere happening of an accident does not shift to the defendant the burden of establishing that the accident did not occur through its negligence, nor does it create a presumption of negligence."[21] Presuming, as the Court must, that the jurors followed their instructions, the jury reviewed the evidence before it and concluded that Giles' conduct amounted to a breach of his duty to exercise reasonable care. Defendant may disagree with the jury's conclusions, "[b]ut whether [Giles's] momentary inattention amounts to negligence is a fact issue" to be decided by the jury.[22] As the Fifth Circuit already concluded after reviewing much of the same evidence presented at trial, this Court concludes that a reasonable jury could have found that Giles was negligent.[23]

## B. Standard of Care

JCC next argues that, based on the jury's conclusions as to fault, the jury must have applied a higher standard of care to Giles's conduct than to Legendre's. The Court's charge regarding Legendre's duty was that "the standard applicable to the plaintiff's conduct is the requirement that she

---

[20] 18 La. Civ. L. Treatise, Civil Jury Instructions § 3:4 (3d ed.).

[21] *See* Blanchard v. Sotile, 394 So. 2d. 633, 635 (La. App. 1 Cir. 1980); *see also* Morales v. Houston Fire and Cas. Co., Inc., 342 So. 2d 1248, 1250 (La. App. 4 Cir. 1977).

[22] *Legendre*, 2025 WL 3035752, at *2.

[23] *Id.*

6

exercise that degree of care which we might reasonably expect a person to exercise for her own safety and protection."[24] The Court also told the jury that:

> In deciding the question of Plaintiff's fault, as it is called in the law, you may ask yourselves this question: "Should the plaintiff as an ordinarily prudent person, under all the circumstances surrounding her conduct, have reasonably foreseen some such injury as she suffered as a result of her conduct, and did she fail to exercise reasonable care to avoid such injury to herself?"[25]

As set forth above, the jury was instructed to determine whether Giles "exercise[d] the degree of care that we might reasonably expect from an ordinarily prudent person under the same or similar circumstances."[26] Again, the Court must presume that the jurors heeded the Court's instructions when reaching a verdict.[27] JCC offers no evidence or reason to rebut that presumption other than inferences drawn from its dissatisfaction with the verdict. JCC instead asks the Court to reach a different conclusion than the jury based on its interpretation of the evidence. The Court, however, cannot reweigh the evidence in JCC's favor. Accordingly, judgment as a matter of law on this issue is not warranted.

### C. Comparative fault

JCC's third argument is based in part on the fact that jury asked a clarifying question regarding Legendre's duty. Because the jury asked that question, JCC assumes that "the jury misapplied the duty to exercise reasonable care and the principles of negligence."[28] During deliberations, the jury submitted the following question to the Court: "We need clarification on the standard for contributory negligence on the part of the plaintiff. Is the

---

[24] 18 La. Civ. L. Treatise, Civil Jury Instructions § 5:1 (3d ed.).

[25] *Id.*

[26] *Id.* at § 3:4.

[27] *Hensley*, 556 U.S. at 841 (citing *Greer*, 483 U.S. at 766 n.8).

[28] Doc. 102-1 at 6–7.

standard for an ordinary person or an ordinary casino patron? What is considered reasonable under negligence?" After discussing the question with counsel and receiving no objections, the Court instructed the jury to consult the instructions that the jurors were provided. For the same reasons the Court rejected JCC's first two arguments, the Court rejects JCC's speculative arguments about the jury's misapplication of its instructions.

In supplemental briefing, JCC argues that the Court should follow the Louisiana Supreme Court's rationale in *Thomas v. BNSF Railway Company* and that, as in *Thomas*, this Court may reallocate fault based on objective video evidence.[29] However, the *Thomas* court found that the jury's assignment of fault was manifestly erroneous where, critically, there was a clear reason to believe the jury in *Thomas* misapplied the law regarding causation and comparative fault. In *Thomas*, the jury concluded that the plaintiff was negligent but that "his negligence was not a proximate cause of the accident."[30] The jury then allocated the plaintiff 15% of the fault for his damages, creating inconsistent findings that "required the trial court to either return the jury for further consideration of its answers or order a new trial."[31] To help resolve this inconsistency, however, the *Thomas* "plaintiff consented to a judgment allocating 15% of fault to him, effectively resolving the verdict's inconsistency by conceding his negligence was a legal cause of the accident."[32] Thus, the judgment before the *Thomas* court was not "derived from the findings of fact of the jury."[33] Because the jury did not find that the plaintiff's negligence was a cause of the accident and yet allocated him fault, the Louisiana Supreme Court

---

[29] *See* 432 So. 3d. at 735 (Weimer, C.J., concurring).

[30] Thomas v. BNSF Ry. Co., 399 So. 3d 404, at 405 (La. 2025).

[31] *Id.*

[32] *Id.*

[33] *Thomas*, 432 So. 3d. at 738 (Holdridge, A.H.J., concurring).

examined the extent of the causal relationship between the parties' conduct and plaintiff's injuries to determine whether the allocation of fault was manifestly erroneous.[34] Here, however, there is no legitimate reason to suspect the jury misapplied the law to the evidence presented at trial—other than JCC's disappointment with the result.[35] Accordingly, JCC's Motion for Judgment as a Matter of Law is denied.

## II.    Motion for New Trial

In the alternative, JCC moves for new trial, arguing that the jury's verdict is against the weight of the evidence with respect to the jury's allocation of fault. JCC argues that because the evidence demonstrated that Legendre and Giles "had equal opportunities to see each other" before contact was made and the parties were responsible for exercising the same standard of care, the jury's allocation of fault to Giles was excessive.[36] While both parties failed to see and avoid each other, the parties' conduct, mental states, motives, capacities, and circumstances were distinct.[37] The jury could have reasonably

---

[34] *See id.* at 733–34. The Court notes that, in dissent, Justice McCallum argues that there was "no evidence that [the] defendant['s] . . . actions or inactions were a cause in fact of the accident," meaning that the plaintiff should be entirely responsible for his own injuries. *Id.* at 737–38 (McCallum, J., dissenting).

[35] The Court also notes that *Thomas* is factually distinguishable in that the objective evidence showed that the plaintiff violated several laws which, if not violated, would have prevented the accident entirely, demonstrating a strong causal link between his conduct and his injuries. *Id.* at 733–34. Here, no party suggests that Legendre violated any laws that, if followed, would have prevented her injuries.

[36] Doc. 102-1 at 9.

[37] *See* Watson v. State Farm Fire and Cas. Ins. Co., 469 So. 2d 967, 974 (La. 1985) ("In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed. In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the

9

concluded, for example, that Giles's conduct was significantly riskier in that he was not looking in the direction that he was walking, whereas Legendre was looking ahead. In sum, this Court is not persuaded by Defendant's argument that the great weight of the evidence presented at trial is contrary to the jury's verdict. A new trial can only be granted if a court concludes that manifest injustice will result from letting the verdict stand. This Court concludes that no such manifest injustice will result from letting this verdict stand. Accordingly, the Court finds that a new trial is not warranted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment as a Matter or Law and/or Alternative Motion for New Trial (Doc. 102) is **DENIED**.

New Orleans, Louisiana this 13th day of August, 2026.

 

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.").

10